UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
DONATO GREEN,

                                Plaintiff,

      - against -

THE CITY OF MOUNT VERNON, *et al*.,

                               Defendants.
---------------------------------------------------------------x

**ORDER**

No. 22-CV-8554 (CS)

Seibel, J.

      Before the Court is the motion to stay or dismiss of Defendants City of Mount Vernon, Police Commissioner Glenn Scott, Police Commissioner Shawn Harris, Police Commissioner Richton Ziadie, Lieutenant Jose Quinoy, Sergeant Kenneth Bruce, and Police Officers Michael A. Paulson, Darron Light, Gennaro O. Cerqua, Robert H. Iverson, III, Mohammed R. Chandoo, Jorge A. Monge, and Stefano R. Silvestri, (together, the "Mount Vernon Defendants"), the motion to dismiss of Defendant Anthony Scarpino, and Plaintiff's requests for leave to amend his Complaint a second time. (*See* ECF Nos. 50-52, 59.)

      For the following reasons, Scarpino's motion to dismiss is granted, Plaintiff's motion to amend is denied and the Mount Vernon Defendants' motion to stay is granted.

## Background

      Plaintiff commenced the instant action on October 7, 2022, asserting various federal claims in connection with his arrests by members of the Mount Vernon Police Department on June 16, 2020 and July 27, 2020. (*See* ECF No. 1 ¶¶ 14-22.) On January 17, 2023, the Mount Vernon Defendants and Defendant Scarpino filed pre-motion letters in anticipation of motions to

dismiss.  (*See* ECF Nos. 28-29.)  I held a pre-motion conference on February 28, 2023, at which I granted Plaintiff leave to amend his Complaint.  (*See* Minute Entry dated Feb. 28, 2023.)

Plaintiff filed his First Amended Complaint on April 5, 2023, asserting false arrest and malicious prosecution claims in connection with his June 16 arrest, an excessive force claim as to both the June 16 and July 27 arrests, a claim for the deprivation of his right to a fair trial in connection with the July 27 arrest, and a supervisory liability claim against Defendants Scott, Harris and Ziadie combined with a *Monell* claim against the City of Mount Vernon and Scarpino.  (*See* ECF No. 38 ¶¶ 26-77.)

The instant motions followed.  (*See* ECF Nos. 50-51.)  As part of his oppositions, Plaintiff withdrew the malicious prosecution claim and sought leave to amend a second time to name the County as a Defendant in place of Scarpino and to name Defendant Monge as the John Doe against whom the right to fair trial claim is brought.  (*See* ECF No. 52 ("P's Scarpino Opp.") at 4-5; ECF No. 59 ("P's Mt. V. Opp.") at 1-2.)

## Discussion

### A. Scarpino Motion to Dismiss and Leave to Amend

Plaintiff seeks to amend to name the County as a Defendant in order to assert a *Monell* claim against it.  (*See* P's Scarpino Opp. at 4-5.)[1]  Defendant Scarpino – represented by the Westchester County Attorney – maintains that any such *Monell* claim must be rejected as time-

---

[1] Plaintiff seeks this amendment because, although he contends that Scarpino is not absolutely immune from suit, he correctly concedes that Scarpino individually cannot be sued under *Monell*.  (*See* P's Scarpino Opp. at 4 ("Scarpino is correct . . . that suits against county District Attorneys in their official capacities are barred by the Eleventh Amendment and that he cannot be sued in his individual capacity for a *Monell* municipal liability type claim.").)  Accordingly, the fifth cause of action – the only claim against Scarpino – is dismissed as to Scarpino with prejudice and he will be terminated as a Defendant.  I therefore need not address the parties' arguments regarding absolute immunity.

2

barred, as it does not relate back to Plaintiff's original complaint, (*see* ECF No. 61 at 3-5), and that Plaintiff's request for leave to amend to name the County as a Defendant must be rejected as futile, (*see id.* at 5-8).

Defendant Scarpino is correct that "[l]eave to amend is properly denied where the proposed amendment is futile." *MC Mgmt. of Rochester LLC v. Biden*, No. 22-CV-6337, 2023 WL 4194771, at *5 (W.D.N.Y. June 27, 2023.)[2]  Futility may be shown if the *Monell* claim Plaintiff seeks to assert against the County, which is based on Scarpino's alleged failure to investigate and potentially prosecute constitutional harms perpetrated by certain Mount Vernon police officers, (*see* ECF No. 52-1 ("Proposed SAC") ¶ 10; *id.* ¶ 45)[3], "has no colorable merit" – in other words, if it "is [in]sufficient to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)," *Jenkins v. N.Y.S. Banking Dep't*, No. 07-CV-6322, 2009 WL 585851, at *4 (S.D.N.Y. Mar. 6, 2009); *see Ithaca Cap. Invs. I S.A. v. Trump Panama Hotel Mgmt. LLC*, 450 F. Supp. 3d 358, 377 (S.D.N.Y. 2020) ("Leave to amend may be denied on the basis of futility if the proposed claims would not withstand a Rule 12(b)(6) motion to dismiss.").

Under *Monell* and its progeny, a municipality may be held liable where a plaintiff shows: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Torraco v. Port Auth. of N.Y. and N.J.*, 615 F.3d 129, 140 (2d Cir. 2010); *see Monell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658, 694-95 (1978).  "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its

---

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

[3] Citations to ECF No. 52-1, Plaintiff's Proposed SAC, shall use the paragraph numbers contained therein.

lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694.

There can be no *Monell* liability absent an underlying constitutional violation. *See, e.g.*, *Fappiano v. City of N.Y.*, 640 F. App'x 115, 121 (2d Cir. 2016) ("[I]n the absence of an underlying constitutional violation by a [municipal] employee there is no municipal liability under *Monell*."); *Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013) (district court correctly determined that municipality "cannot be liable under *Monell* where Plaintiff cannot establish a violation of his constitutional rights."); *Vasquez v. County of Rockland*, No. 13-CV-5632, 2020 WL 883514, at *7 (S.D.N.Y. Feb. 24, 2020) ("Failure to establish an underlying constitutional violation necessarily defeats a *Monell* claim.").

Here, Plaintiff's proposed *Monell* claim against the County alleges that it is liable because Scarpino failed to "take[] action to remedy the rampant misconduct [within the Mount Vernon Police Department] that was repeatedly reported to him and his office such as conducting a serious investigation" and that because of Scarpino's "deliberate indifference . . . no remedial actions were taken and Plaintiff was injured." (Proposed SAC ¶ 90; *see id.* ¶ 10 ("Scarpino was charged with investigating and potentially prosecuting crimes and constitutional harms perpetrated by [Mount Vernon] police officers for all times here relevant.").) But "courts in the Second Circuit have long held that an individual has no constitutionally protected right to an investigation by government officials of alleged wrongdoing by other government officials." *Martinez v. County of Suffolk*, 999 F. Supp. 2d 424, 430 (E.D.N.Y. 2014) (collecting cases); *see Carota v. James*, No. 22-CV-949, 2023 WL 3788857, at *6 (N.D.N.Y. May 3, 2023) ("District courts in the Second Circuit have determined there is no constitutional right to an investigation

4

by government officials" and "[a]s such, there is no constitutional violation when the government refuses to investigate an alleged constitutional violation, much less when it fails to investigate allegations of wrongdoing in a particular manner or to the satisfaction of the victim.").

Plaintiff's allegations that Scarpino failed to undertake a "serious investigation," (Proposed SAC ¶ 90), do not state a claim for denial of a constitutional right, and thus his proposed *Monell* claim against the County necessarily fails because "there can be no municipal liability where there is no underlying constitutional violation." *Haslinger v. Westchester County*, No. 22-131, 2023 WL 219198, at *1 (2d Cir. Jan. 18, 2023); *see Adeniji v. New York City Police Dep't*, No. 21-CV-664, 2023 WL 1869011, at *6 (S.D.N.Y. Feb. 7, 2023) (explaining that "[t]he U.S. Constitution . . . does not provide individuals with an affirmative right to an investigation of their claims by the government that is protected by the Due Process Clause of the Fourteenth Amendment" and holding that "Plaintiff's allegations that his complaints were not investigated thus neither assist him in stating a *Monell* claim against the City in connection with the officers' conduct during his . . . arrest, nor state a Due Process Claim under Section 1983.").[4]

---

[4] To the extent Plaintiff in his Proposed SAC seeks to hold the County liable for constitutional deprivations by personnel of the Mount Vernon Police Department, such as the "use of excessive force, unlawful searches, false arrests and false criminal charges by its police officers," (*see* Proposed SAC ¶ 45), his *Monell* claim would still fail.  "[M]unicipal liability is limited to action for which the municipality is actually responsible" and "recovery from a municipality is [thus] limited to acts that are, properly speaking, acts of the municipality – that is, acts which the municipality has officially sanctioned or ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 479-480 (1986).  Accordingly, "a plaintiff cannot bring a *Monell* claim against a municipality if the tortfeasors at issue are not employees of that municipality," *Horton v. County of San Diego*, 21-CV-400, 2021 WL 4334002, at *3 (S.D. Cal. Sept. 23, 2021), and any *Monell* claim Plaintiff might seek to assert against the County based on the actions of Mount Vernon police officers – none of whom he alleges are employees or agents of the County – would be dismissed, *see Agosto v. N.Y. City Dep't of Educ.*, 982 F.3d 86, 98 (2d Cir. 2020) ("Governments should be held responsible [under *Monell*] when, and only when, their official policies cause *their employees* to violate another person's constitutional rights.") (emphasis added).

5

Accordingly, Plaintiff's request for leave to amend his Complaint a second time to assert a *Monell* claim against the County is denied as futile.[5]

### B. Plaintiff's Request to Amend the Fair Trial Claim

Plaintiff seeks leave to substitute Defendant Monge as the John Doe in the fair trial claim, (*see* P's Mt. V. Opp. at 1-2), but the Mount Vernon Defendants are correct that no fair trial claim can accrue until the prosecution terminates in Plaintiff's favor, *see Miller v. Terrillion*, 436 F. Supp. 3d 598, 603-04 (E.D.N.Y. 2020) (where a "[plaintiff] alleges that the criminal proceedings against him were founded upon fabricated evidence," "his fair trial claim [doe]s not accrue[] unless and until his criminal proceedings terminate[] in his favor."); *Kayo v. Mertz*, 531 F. Supp. 3d 774, 801 (S.D.N.Y. 2021) ("[M]ost courts in this Circuit . . . require favorable termination in fair trial claims that allege a deprivation of liberty resulting from the use of fabricated evidence in a criminal proceeding.") (collecting cases), which has not yet happened.  Because the claim itself is premature, *see Miller*, 436 F. Supp. 3d at 603-04, any amendment to it is likewise premature, and leave to amend to substitute Monge for John Doe at this time is therefore denied as futile.

### C. Mount Vernon Defendants' Motion to Stay

Both Plaintiff and the Mount Vernon Defendants consent to a stay of the instant litigation pending the resolution of criminal proceedings against Plaintiff in connection with his July 27 arrest.  (*See* P's Mt. V. Opp. at 1; ECF No. 55 at 5-6; ECF No. 60 at 2.)  Until those charges are

---

[5] Because the proposed amendment concerning the County is futile, the Court need not address the parties' arguments as to whether that amendment is time-barred and whether it would relate back to the time of Plaintiff's original complaint.  *See Sako v. Wells Fargo Bank, N.A.*, No. 14-CV-1034, 2015 WL 5022326, at *6 n.3 (S.D. Cal. Aug. 24, 2015) ("Since the Court concludes that the amendment is futile based on the merits of the causes of action, the Court need not address whether the proposed causes of action are time barred and whether they relate back to the original complaint.").

resolved, it will not be clear if Plaintiff has a fair trial claim. And proceeding with discovery on only part of the case seems inefficient. Accordingly, the Mount Vernon Defendants' motion to stay is granted and all proceedings in this action are stayed pending further order of the Court.

### Conclusion

For the foregoing reasons, Plaintiff's requests for leave to amend are denied, the claim against Scarpino is dismissed, the malicious prosecution claim is dismissed as withdrawn, and the Mount Vernon Defendants' motion to stay is granted on consent. Further proceedings in this case will be stayed pending the resolution of criminal proceedings related to Plaintiff's July 27, 2020 arrest. The parties are directed to provide the Court with a joint status update in 90 days, and every 90 days thereafter, during the pendency of the stay. The Clerk of Court is respectfully directed to terminate the pending motions, (ECF Nos. 50-51), and to terminate Scarpino as a Defendant.

**SO ORDERED.**

Dated: February 21, 2024
      White Plains, New York

*Cathy Seibel*
_____
CATHY SEIBEL, U.S.D.J.