UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DONATO GREEN,

Plaintiff,

- against -

THE CITY OF MOUNT VERNON, *et al.*,

Defendants.
-----------------------------------------------------------x

**ORDER**

No. 22-CV-8554 (CS)

Seibel, J.

On April 24, 2026, this Court ordered Plaintiff to show cause in writing, no later than July 13, 2026, why he failed to appear at status conferences held on March 26, 2026 and April 23, 2026; why he failed to provide the Court and Defendants with updated contact information since his release from custody; and why the case should not be dismissed for failure to prosecute. (ECF No. 79.) The deadline lapsed with no submission from the Plaintiff. The Court accordingly dismisses the action without prejudice.

## I. BACKGROUND

On October 7, 2022, Plaintiff Donato Green, by and through counsel, initiated the above-captioned action. (ECF No. 1.) Plaintiff brought claims against the City of Mount Vernon, several Mount Vernon Police Department officials and officers, and a former Westchester County District Attorney under 42 U.S.C. § 1983 in connection with his arrests that occurred on June 16, 2020 and July 27, 2020. (*Id.*; ECF No. 38.) By order dated February 21, 2024, the Court dismissed some of Plaintiff's claims, including the claim against the former Westchester County District Attorney, and stayed further proceedings in the case pending the resolution of

criminal proceedings related to Plaintiff's July 27, 2020 arrest. (ECF No. 62.)[1] The parties were directed to provide the Court with a joint status update every ninety days during the pendency of the stay. (*Id.*; *see also* ECF Nos. 70, 72 (orders directing the parties to continue providing updates to the Court every ninety days).)

The parties accordingly provided the Court updates as the criminal proceedings continued. (*See* ECF Nos. 63-69, 71.) On November 25, 2025, while the instant action remained stayed, Plaintiff's counsel sought to withdraw, with consent from Plaintiff. (ECF No. 73.) Plaintiff's counsel advised that Plaintiff was incarcerated in the custody of the New York City Department of Correction ("NYCDOC") and housed at the Robert N. Davoren Complex ("RNDC") on Rikers Island. (*Id.*) The Court granted Plaintiff's counsel's application and directed that Plaintiff would represent himself until such time as he retained new counsel. (ECF No. 74.) The Clerk of Court sent a copy of the Court's endorsement granting the withdrawal to Plaintiff's address at the RNDC, (*see* Mailing Receipt dated Dec. 1, 2025), and the Court is not aware of that mailing being returned or of any reason to believe that it was not delivered to Plaintiff.

On February 17, 2026, Defendants' counsel informed the court that Plaintiff's appeal in his criminal case had been dismissed. (ECF No. 76.) Counsel also stated that Plaintiff did not respond to a January 28, 2026 letter from Defendants' counsel seeking an update on his criminal case as part of the parties' obligation to provide status updates on that case. (*Id.*; *see also* ECF No. 75 (Defendants' January 28, 2026 letter to Plaintiff and certificate of service).) The Court

---

[1] Among Plaintiff's claims is a claim for the deprivation of his right to a fair trial in connection with the July 27 arrest. (ECF No. 38 ¶¶ 42-44.) As explained in the Court's order, a fair trial claim cannot accrue until prosecution terminates in Plaintiff's favor. (ECF No. 62 at 6.) The Court therefore stayed the case until any charges in connection with the July 27 arrest were resolved. (*Id*. at 7.)

scheduled a status conference for March 26, 2026 via telephone, directed the Clerk of Court to send a copy of its endorsement to Plaintiff, and directed counsel for Defendants to make arrangements for Plaintiff to participate from Rikers Island. (*See* ECF No. 77.) In its endorsement, the Court also noted that Plaintiff was no longer housed at the RNDC, according to the New York City inmate lookup system, so it directed the Clerk's Office to mail the endorsement both to the RNDC address on the docket and to the Otis Bantum Correctional Center to ensure it made it to Plaintiff. (*See id.*) The Clerk's Office mailed the endorsement to both addresses, (*see* Mailing Receipt dated Feb. 19, 2026), and the Court is not aware of that mailing being returned or of any reason to believe that it was not delivered to Plaintiff. On March 25, 2026, Defendant's counsel informed the Court that Plaintiff had been released from NYCDOC custody on March 24, 2026. (ECF No. 78.) Counsel indicated that they had previously arranged with the NYCDOC to have Plaintiff appear at the March 26, 2026 teleconference, but Plaintiff had not contacted them since his release, and they did not have any contact information for Plaintiff. (*Id.*)

On March 26, 2026, the Court held the teleconference as scheduled. (*See* Minute Entry dated Mar. 26, 2026.) Defendants' counsel appeared, but Plaintiff did not. (*Id.*) The Court scheduled an in-person conference for April 23, 2026 to give Plaintiff time to submit updated contact information and appear. (*Id.*) On April 23, 2026, the Court held the status conference, and Plaintiff again failed to appear. (*See* Minute Entry dated Apr. 23, 2026.) Defendants' counsel was present and stated that Plaintiff had not contacted them. (*Id.*) On April 24, 2026, the Court ordered Plaintiff to show cause in writing by July 13, 2026 why he failed to appear at the status conferences; why he failed to provide the Court and Defendants with updated contact information since his release; and why the case should not be dismissed for failure to prosecute.

(ECF No. 79 at 3.) The Court's order made clear that "[f]ailure to show cause may result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute." (*Id.*) To date, the Court has not received any response from Plaintiff.

## II. **DISCUSSION**

Federal Rule of Civil Procedure 41(b) permits a defendant to move to dismiss "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (*per curiam*); *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995).[2] "Although the text of [Rule] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)); *see Storey v. O'Brien*, 482 F. App'x 647, 648 (2d Cir. 2012) (summary order).

"A *pro se* litigant's claim should be dismissed for failure to prosecute only when the circumstances are sufficiently extreme." *Baptiste*, 768 F.3d at 217. Although "dismissal under Rule 41(b) is a harsh remedy to be utilized only in extreme situations, dismissal may be necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Sanango v. Ruby Nails Tarrytown, Inc.*, No. 20-CV-8245, 2023 WL 145521, at *1 (S.D.N.Y. Jan. 10, 2023). A district court must consider the following five factors before dismissing a case for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the

[2] Unless otherwise indicated, case quotations in this Order omit all internal citations, quotation marks, footnotes, and alterations.

> proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Peters v. CBS Viacom*, No. 23-463, 2023 WL 8270781, at *2 (2d Cir. Nov. 30, 2023) (summary order); *see LeSane*, 239 F.3d at 209; *Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (summary order). "No single factor is dispositive. Ultimately, the record must be viewed as a whole in order to determine whether dismissal is warranted." *Sanango*, 2023 WL 145521, at *2; *see United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

District courts have routinely found dismissal without prejudice, rather than with prejudice, to be the appropriate sanction for *pro se* litigants who have failed to comply with court orders but whose conduct has not been particularly extreme or egregious. *See, e,g.*, *Rouse v. Transworld Sys., Inc.*, 811 F. Supp. 3d 400, 409-10 (E.D.N.Y. 2025) (collecting cases dismissing *pro se* complaints without prejudice); *Campbell v. City of N.Y.*, No. 21-CV-4056, 2023 WL 2561510, at *2 (S.D.N.Y. Mar. 17, 2023) ("[D]ismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiffs' failure to communicate with the Court or to comply with the Court's orders."); *Ortega v. Mutt*, No. 14-CV-9703, 2017 WL 1133429, at *2 (S.D.N.Y. Mar. 24, 2017) (dismissal without prejudice "strike[s] the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity."); *cf. Thrall v. Cent. N.Y. Reg'l Transp. Auth.*, 399 F. App'x 663, 666 (2d Cir. 2010) (summary order) (district court erred where it dismissed with prejudice while dismissal without prejudice available in light of plaintiff's *pro se* status).

After consideration of the five factors above and Plaintiff's *pro se* status, I conclude that dismissal without prejudice is warranted.

The first factor supports dismissal without prejudice. As detailed above, Plaintiff appears to have abandoned this litigation, resulting in a several-month delay in a case that was filed

almost four years ago. When Defendants' counsel informed the Court on February 17, 2026 that Plaintiff's appeal in his criminal case had been dismissed and the case was ready to move forward, they indicated that Plaintiff did not respond to their January 28, 2026 letter seeking an update on his criminal case to comply with my order that the parties provide a status update. (ECF No. 76; *see* ECF Nos. 72, 75.) Plaintiff also failed to appear at two separate conferences that were intended to move the case forward. (*See* Minute Entries dated Mar. 26, 2026 and Apr. 23, 2026.) To date, the Court has received no response to its order to show cause issued April 24, 2026. (*See* ECF No. 79.) Plaintiff thus has failed to comply with multiple orders and communications spanning several months. This ongoing delay and failure to comply therefore weigh in favor of dismissal even in light of Plaintiff's *pro se* status. *See Yadav v. Brookhaven Nat'l Lab'y*, 487 F. App'x 671, 672-73 (2d Cir. 2012) (summary order) (three-month delay sufficient to support dismissal of *pro se* litigant's case); *Brow v. City of N.Y.*, 391 F. App'x 935, 937 (2d Cir. 2010) (summary order) (same as to six-month delay); *see also Jean-Fils v. HSBC Bank USA*, No. 24-CV-2872, 2024 WL 3927248, at *3 (E.D.N.Y. Aug. 23, 2024) (collecting cases finding dismissal warranted after as short as two-month delay and dismissing *pro se* plaintiff's case after four-month delay); *cf. Embuscado v. DC Comics*, 347 F. App'x 700, 701 (2d Cir. 2009) (summary order) (three-month delay sufficient for dismissal of *pro se* complaint under Rule 37). Although Plaintiff is *pro se*, he "is not exempt from complying with court orders and must diligently prosecute his case." *Mena v. City of N.Y.*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017); *see Yadav*, 487 F. App'x at 672; *Rouse*, 811 F. Supp. 3d at 407.

The second factor also weighs in favor of dismissal without prejudice. In the Court's order to show cause, I warned Plaintiff that his unexcused failure to appear or respond to requests for his contact information might result in dismissal under Rule 41(b). (*See* ECF No. 79

at 3 ("Failure to show cause may result in dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute").) Thus, the Court provided clear notice that Plaintiff's failure to comply with its order could result in dismissal of this action. *See Smalls v. Port Auth. of N.Y. & N.J.*, 120 F. App'x 396, 398 (2d Cir. 2005) (summary order) (single order to show cause adequate to warn failure to respond would likely result in dismissal). Although the mailing of the order to show cause was returned to the Court, (*see* Received Returned Mail dated May 20, 2026), undoubtedly because Plaintiff had been released from Rikers Island, Plaintiff had an independent obligation to keep the Court informed of his current address. *See Goring v. Carter*, No. 21-CV-8989, 2022 WL 17583800, at *2 (S.D.N.Y. Dec. 9, 2022) (finding that returned court mail did not undermine dismissal where the plaintiff failed to notify the court of his change of address after release from custody); *Wilson v. N.Y. City Corp. Couns.*, No. 07-CV-3658, 2008 WL 516014, at *1 (S.D.N.Y. Feb. 27, 2008) (court's inability to ensure plaintiff received order to show cause "should have no bearing on the dismissal, however, as it was plaintiff's responsibility to apprise the Court of his current address"). Indeed, the order to show cause itself was necessitated by Plaintiff's failure to provide updated contact information following his release from custody. Additionally, although the Court and Defendants similarly had no way to send Plaintiff notice of the April 23, 2026 conference, I find it likely that he received notice of the March 26, 2026 conference because the Clerk of Court mailed Plaintiff the endorsement scheduling the teleconference, (*see* Mailing Receipt dated Feb. 19, 2026), and received no notification that the mailing had been returned. That mailing occurred more than a month before Plaintiff's release from NYCDOC custody. (*See* ECF No. 78.) Had Plaintiff appeared at the March conference, or provided the Court with updated contact information following his release, Plaintiff would have been aware of his duty to move his case forward.

Any lack of notice of the possibility of dismissal therefore resulted from Plaintiff's own failure to comply with his obligations.

Under the third factor, prejudice to a defendant may be presumed where a plaintiff's delay is inexcusable. *See Heendeniya v. St. Joseph's Hosp. Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order) (district court found prejudice to defendants where action was pending for years and "reasonably found that prejudice to defendants could be presumed because the delay was not reasonable"); *Sanango*, 2023 WL 145521, at *2 (plaintiff's delay inexcusable where he failed to comply with multiple orders and did not advance the case). Plaintiff here has not complied with several orders, has not taken any steps to advance the litigation – let alone communicate with the Court or Defendant – for several months, and has provided no reason for this delay. But on the other hand, the third factor may only slightly support dismissal where a defendant has not submitted evidence that it suffered "any particular, or specially burdensome, prejudice" resulting from Plaintiff's delay. *LeSane*, 239 F.3d at 210; *see Campbell*, 2023 WL 2561510, at *2 (prejudice to defendants minor where case had been stayed). The instant action has been stayed for more than two years, and the Court does not see any unique prejudice to Defendants. On balance, factor three supports dismissal without prejudice.

The fourth factor also supports dismissal without prejudice. "Noncompliance with court orders undermines the ability of the Court to manage its docket and dispense justice to all litigants in an expeditious manner." *Sanango*, 2023 WL 145521, at *2; *see Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982) (plaintiff has duty to prosecute case because of "strong policy favoring prompt disposition of cases"); *O'Rourke v. Nirvana*, No. 19-CV-4711, 2020 WL 1198326, at *2 (S.D.N.Y. Mar. 12, 2020) ("The Court has a strong interest in managing its docket and cannot indefinitely wait for [Plaintiff] to turn his attention back to this

case."), *report and recommendation adopted*, 2020 WL 2133174 (S.D.N.Y. May 5, 2020). There is no indication here that Plaintiff intends to continue this action or has any interest in having his claims heard. *See Heendeniya*, 830 F. App'x at 358 n.3 ("[F]ailure to prosecute under Rule 41(b) can evidence itself . . . in an action lying dormant with no significant activity to move it."); *Pierno v. Fid. Brokerage Servs., LLC*, No. 20-3711, 2021 WL 5986763, at *3 (2d Cir. Dec. 16, 2021) (summary order) (fourth factor favored dismissal where plaintiff "could have secured his day in court" if he had followed court's order). That said, Plaintiff's non-compliance has been "silent and unobtrusive rather than vexatious and burdensome" and "he did not swamp the court with irrelevant or obstructionist filings." *LeSane*, 239 F.3d at 210. The nature of Plaintiff's non-compliance, therefore, supports dismissal without prejudice.

Finally, the fifth factor supports dismissal without prejudice. A "plaintiff's failure to comply with the order warning him of the possibility of dismissal demonstrate[s] that lesser sanctions would be ineffective." *Brow*, 391 F. App'x at 937; *see Ruzsa v. Rubenstein & Sendy Att'ys at L.*, 520 F.3d 176, 178 (2d Cir. 2008) (*per curiam*); *O'Rourke*, 2020 WL 1198326, at *2. Here, "Plaintiff's whereabouts are unknown because of his failure to communicate with the Court (or, apparently, Defendants)," and as a result I find "no less drastic sanction [than dismissal] would prove effective." *Crenshaw v. McNamara*, No. 15-CV-6229, 2016 WL 2347485, at *6 (W.D.N.Y. May 4, 2016). Again, Plaintiff failed to communicate with Defendants or appear at two conferences that were intended to move the case forward. Then he did not respond to a subsequent order to show cause. At this stage, there is no apparent way the litigation can proceed without Plaintiff's participation. That said, because dismissal with prejudice, especially against a *pro se* litigant, is appropriate "only when the circumstances are

sufficiently extreme," *Baptiste*, 768 F.3d at 217, I find that the "less drastic sanction" of dismissal without prejudice to be appropriate in this case, *Campbell*, 2023 WL 2561510, at *2.

## III. CONCLUSION

In light of the relevant factors and Plaintiff's *pro se* status, I find that dismissal without prejudice under Rule 41(b) is appropriate at this stage. Accordingly, this case is dismissed without prejudice. The Clerk of Court is respectfully directed to close the case.

**SO ORDERED.**

Dated: July 29, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.